IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JUSTIN SCHEER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-00949-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| AMY FISH, RICARDO SUZINSKY, REMNANT HOUSE, DAVID SUTTON, F.A.A.C.T. INC., DAN ACKERMAN, HOMESTEAD BOROUGH, ANTHONY MAYS, JILL E. RANGOS, | ) ) ) ) ) ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION[1]**

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

**I.   INTRODUCTION**

Plaintiff Justin Scheer initiated this civil action pro se alleging various violations of his civil rights in connection with his probation and subsequent housing in a rehabilitative facility.

Presently before the Court is a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) by Hon. Jill E. Rangos ("Judge Rangos") (ECF No. 24). While Plaintiff was ordered to respond to the pending motion, he failed to provide any response and therefore the motion will be decided without the benefit of his response. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

For the reasons that follow, Judge Rangos's motion is granted and Plaintiff's claims against

---

[1]   All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

Judge Rangos are dismissed with prejudice.

## II. BACKGROUND

Plaintiff initiated this lawsuit on July 20, 2021 proceeding pro se and *in forma pauperis* with a Complaint spanning forty-eight (48) pages generally complaining of civil rights violations during his period of probation with the Pennsylvania Board of Probation and Parole. Compl. (ECF No. 11). Because the present motion only pertains to Judge Rangos, only those facts pertaining to her will be discussed herein.

The only discussion of Judge Rangos in Plaintiff's complaint is as follows: "The Honorable Judge Rangos retains authority over my probation and therefore the detainer incarcerating me." Compl. (ECF No. 11) at p. 7. He seeks this Court to review his probation and "remand the case to be promptly heard." *Id.* at p. 46.

Judge Rangos seeks dismissal of Plaintiff's claims and argue that she is entitled to immunity under the Eleventh Amendment.

## III. STANDARD OF REVIEW

### i. Pro Se Pleadings

A pro se pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). As a result, a pro se complaint under 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). While pro se litigants are afforded this leniency, they "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to pro se litigants" because pro se litigants must be treated "the same as any other litigant." *Mala v. Crown*

*Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

> i.   *Federal Rule of Civil Procedure 12(b)(6)*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556).  Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555.  A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  "Factual allegations must

3

be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555.  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Fed. R. Civ. P. 12(b)(6) motion, the court's role is limited to determining whether a plaintiff has a right to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).  The court does not consider whether a plaintiff will ultimately prevail. *Id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Even so, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached , without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 n.5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192,

1196 (3d Cir. 1993).

## IV. DISCUSSION

Judge Rangos sits as a presiding judicial officer in the Court of Common Pleas of Allegheny County, Pennsylvania, which is an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. § 301(4).  The Eleventh Amendment provides that federal courts have no power to hear suits against non-consenting states, thus making states immune from suit in federal courts. *Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890)). By extension, "[i]ndividual state employees sued in their official capacity are ... entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253–54 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)). A suit against a judge in their official capacity is in actuality one against the state because "the real party in interest in an official capacity suit is not the individual but rather the entity of which the officer is an agent." *Jones v. Lilly*, 37 F.3d 964, 966 (3d Cir. 1994). "Eleventh Amendment immunity extends to the Pennsylvania state courts because they are entities of the [Commonwealth] of Pennsylvania." *Andrews v. Hens-Greco*, 641 F. App'x 176, 180 (3d Cir. 2016) (citing *Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 238–41 (3d Cir. 2005)).  As a result, Eleventh Amendment immunity applies to bar Plaintiff's official capacity claims against Judge Rangos, including any putative claims for damages or injunctive relief. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 58, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) ("relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."); *Capogrosso v. The Supreme Ct. of New Jersey*, 588 F.3d 180 (3d Cir. 2009).  Accordingly, Judge Rangos's

motion to dismiss is granted and Plaintiff's claims against her are dismissed with prejudice as amendment would be futile.[2] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## V.     CONCLUSION

Based on the foregoing, Judge Rangos's motion to dismiss (ECF No. 24) is granted and all claims against her are dismissed with prejudice. An appropriate Order follows.

DATED this 7th day of September, 2022.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

---

[2]     Likewise, to the extent that Plaintiff intended to bring claims against Judge Rangos in her individual capacity, she is entitled to judicial immunity from suit. "A judicial officer in the performance of [her] duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of his authority; rather, [s]he will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.' " *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (internal quotation mark and citations omitted).