IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JUSTIN SCHEER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-00949-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| AMY FISH, RICARDO SUZINSKY, | ) | |
| REMNANT HOUSE, DAVID SUTTON, | ) | |
| F.A.A.C.T. INC., DAN ACKERMAN, | ) | |
| HOMESTEAD BOROUGH, ANTHONY | ) | |
| MAYS, JILL E. RANGOS, | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

**I.   INTRODUCTION**

Plaintiff Justin Scheer initiated this civil action pro se and *in forma pauperis* alleging various violations of his civil rights in connection with his probation and subsequent housing in a rehabilitative facility.

Presently before the Court is a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Homestead Borough (ECF No. 27). While Plaintiff was ordered to respond to the pending motion, he failed to provide any response and therefore the motion will be decided without the benefit of his response. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1]   All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

For the reasons that follow, Defendant Homestead Borough's motion to dismiss is granted and Plaintiff's claims against it are dismissed with prejudice.

## II.     BACKGROUND

Because Plaintiff is pro se, the Court will construe his pleadings liberally and in the interests of justice. Plaintiff alleges that he is a convicted sex offender and in 2019 he was a pretrial detainee being held on detainer. He alleges he was forced to be paroled through a home plan to "A Remnant House" that is managed by Pastor David Sutton and located at 316 East 11th Street, Homestead, Pennsylvania. Plaintiff claims that the residence was not as advertised, and Mr. Sutton tried to control him. Plaintiff also claims that F.A.A.C.T., Inc., an entity that provides psychiatric evaluations and treatment mandated by state and federal parole and probation, violated his constitutional rights. Plaintiff generally complains of violations under 42 U.S.C. § 1985(3), 42 U.S.C. § 1983, 18 U.S.C. § 1961, 18 U.S.C. § 1581 and violations of the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments.

The only allegations set forth against Homestead Borough are that "Homestead Borough is responsible for knowingly or at least recklessly benefitting from David Sutton's racketeering activities. 13 registered sex offenders lived in a single-family home (assuming the Borough is ignorant to the residence being split, nevertheless.) Plaintiff and the other residents paid taxes to Homestead Borough." Compl. at Count 44 (ECF No. 11 at p. 25). In his requested relief, Plaintiff seeks $1 in nominal damages, $150,000 in compensatory damages and $100,000,000 in punitive damages. *Id*. at p. 39.

## III.    STANDARD OF REVIEW

### i. Pro Se Pleadings

A pro se pleading is held to a less stringent standard than more formal pleadings drafted

by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). As a result, a pro se complaint under 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). While pro se litigants are afforded this leniency, they "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to pro se litigants" because pro se litigants must be treated "the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

i. *Federal Rule of Civil Procedure 12(b)(6)*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet the court need not accept as true "unsupported conclusions and unwarranted

inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Fed. R. Civ. P. 12(b)(6) motion, the court's role is limited to determining whether a plaintiff has a right to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Even so, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached , without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 n.5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV.   DISCUSSION

It appears that Plaintiff believes that Homestead Borough knew or should have known that David Sutton was involved in unspecified illegal activity and because Plaintiff paid taxes to Homestead Borough, it should be held civilly liable to Plaintiff.  These allegations, taken as true, fail to state any compensable cause of action against Homestead Borough.

As argued by Homestead Borough, any section 1983 claim that Plaintiff purports to bring against it fails to state a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Local governments can be held liable under section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983." *Monell*, 436 U.S. at 694.  "[A] plaintiff advancing a municipal liability claim must establish (a) 'a violation of a federal right'—which may not necessarily arise from the liability of an individual employee—and (b) a municipal policy or custom that caused the violation." *Butler v. Lamont*, 672 F. App'x 139, 142 (3d Cir. 2016) (quoting *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268–77 (3d Cir. 2000)). "Policy is made when

a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (alteration in original) (citation and internal quotation marks omitted). Whereas custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (citation and internal quotation marks omitted).

As to the first prong of Monell liability, *i.e.*, a violation of an underlying constitutional or statutory right, Plaintiff has not adequately alleged facts that would tend to show any violation of his constitutional rights by Homestead Borough, nor has Plaintiff adequately alleged that Homestead Borough had a policy or practice that caused these purported violations.

Moreover, Plaintiff's general claim that a Borough is responsible for unspecified alleged illegal actions taken by a property owner or business owner in the municipality has no legal basis that this Court can discern and his claims against Homestead Borough are frivolous.

Accordingly, Defendant Homestead Borough's motion to dismiss is granted and all claims asserted against it are dismissed with prejudice as amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

V.   **CONCLUSION**

Based on the foregoing, Defendant Homestead Borough's motion to dismiss (ECF No. 27) is granted and all claims against it are dismissed with prejudice. An appropriate Order follows.

DATED this 7th day of September, 2022.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge