IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JUSTIN SCHEER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-00949-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| AMY FISH, RICARDO SUZINSKY, | ) | |
| REMNANT HOUSE, DAVID SUTTON, | ) | |
| F.A.A.C.T. INC., DAN ACKERMAN, | ) | |
| HOMESTEAD BOROUGH, ANTHONY | ) | |
| MAYS, JILL E. RANGOS, | ) | |
| | ) | |
| Defendants, | ) | |

**<u>MEMORANDUM OPINION</u>**[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

## I.   INTRODUCTION

Plaintiff Justin Scheer initiated this civil action pro se and *in forma pauperis* alleging various violations of his civil rights in connection with his probation and subsequent housing in a rehabilitative facility.

Presently before the Court is a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) by Defendants Dan Ackerman, Amy Fish, Anthony Mays, and Ricardo Suzinsky (collectively "Commonwealth Defendants") (ECF No. 32).  Plaintiff responded thereto. (ECF No. 40).  The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

For the reasons that follow, the Commonwealth Defendants' motion for judgment on the

---

[1]      All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

pleadings is granted and the claims against them made in their individual and official capacities are dismissed with prejudice.

## II.        BACKGROUND

Because Plaintiff is pro se, the Court will construe his pleading liberally and in the interests of justice. Plaintiff alleges he is a convicted sex offender and in 2019 he was a pretrial detainee being held on detainer. He alleges he was forced to be paroled through a home plan to "A Remnant House" that is managed by Pastor David Sutton and located at 316 East 11th Street, Homestead, Pennsylvania. Plaintiff claims that the residence was not as advertised, and Mr. Sutton tried to control him. Plaintiff also claims that F.A.A.C.T., Inc., an entity that provides psychiatric evaluations and treatment mandated by state and federal parole and probation, violated his constitutional rights. On June 6, 2020, Plaintiff was arrested on unspecified criminal charges and Plaintiff generally complains of constitutional violations and references the following citations to legal authority: 42 U.S.C. § 1985(3), 42 U.S.C. § 1983, 18 U.S.C. § 1961, 18 U.S.C. § 1581 and violations of the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments. Compl. (ECF No. 11 at p. 6). Plaintiff names as Defendants all the parole agents that were assigned to his case and seeks monetary damages for their alleged constitutional violations. The specific allegations against them are addressed in turn.

**Claims against Defendant Fish**

The Commonwealth Defendants are alleged to be officials or employees of the Commonwealth of Pennsylvania through the Pennsylvania Board of Probation and Parole. *Id*. at p. 6. Plaintiff claims that when he was released from incarceration at SCI Forest, he was arrested by sheriffs on a bench warrant issued by the Pennsylvania Board of Probation and Parole and transported to Allegheny County Jail. *Id*. at 8. On August 20, 2019, Plaintiff went to a Gagnon-I

hearing where Plaintiff claims that Defendant Amy Fish, acting as a parole agent, "maliciously denied my home plan and misinformed the hearing examiner that I refused to submit another one[,] . . . and recommended that I be detained pending a Gag[non]-II [hearing]." *Id*. at 9.  Plaintiff claims that the hearing officer permitted him to submit another home plan on the condition that if it was not approved that he would be detained pending a Gagnon-II hearing. *Id*.  Plaintiff claims that he selected Remnant House as his housing because it was pre-approved sex offender housing. *Id*. at 10.  He alleges that Defendant Fish "abused the legal process to knowingly hold me at Remnant House by forcing me to maintain a home plan at Remnant House." *Id*. at 11.

### Claims against Defendant Suzinsky

Plaintiff alleges that on September 19, 2019, Defendant Suzinsky, acting as a parole agent, met with Plaintiff to perform paperwork and "illegally imposed conditions" of parole on him, including requiring Plaintiff to "get sex offender evaluation," "attend sex offender treatment," prohibiting Plaintiff from "view[ing] or [possess]ing obscene material," not allowing him "access to chat lines," prohibiting "use or possession of sexual enhancement drugs/substances," prohibiting Plaintiff from entering "adult stores, massage parlors, strip clubs or related establishments," prohibiting "membership to any group who's primary purpose is sexual," prohibiting "contact with minors," prohibiting co-habitation with minors, prohibiting activities and events that primarily involves minors, prohibiting "intimate relationships with any person who has full or partial custody of children," prohibiting possession of "objects that appeal to minors," prohibiting use of "social media, peer to peer, craiglist, pornographic or sexual websites," and websites with an "ind[i]cia of children," prohibiting "access to child like websites," maintaining a curfew, and prohibiting alcohol possession. *Id*. at pp. 15-17.

On an unknown date, Plaintiff was accused of having contraband on his phone which

included an animated female child tap dancing and Defendant Suzinsky was notified and imposed the following conditions of parole: prohibiting internet access, to follow all rules and regulations of the Remnant House, and no contact with probationers outside of group settings.

### Claims against Defendant Ackerman

Plaintiff claims that on approximately November 11, 2019, his parole agent was switched to Defendant Ackerman who enforced all the previous conditions of parole imposed upon Plaintiff and confiscated his cell phone in February 2020.

### Claims against Defendant May

Plaintiff claims that on approximately March 1, 2020, Defendant May was assigned as his parole agent and enforced all the previous conditions of parole imposed upon Plaintiff.

### Unnamed Defendants

Plaintiff also levies unspecified claims against "unknown" parole officers and supervisors in the body of his complaint but does not include them in the caption of his complaint. Generally, Plaintiff complains that they imposed or enforced illegal conditions of parole.

## III.   STANDARD OF REVIEW

### a.  *Pro Se Pleadings*

A pro se pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). As a result, a pro se complaint under 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). While pro se litigants are afforded this leniency, they "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to pro se

litigants" because pro se litigants must be treated "the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### b. Federal Rule of Civil Procedure 12(c)

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay the trial. Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute, and judgment on the merits may be achieved by focusing on the content of the pleadings and any facts of which the Court may take judicial notice.

Such motions, being directed toward a determination of the substantive merits of the controversy, should be granted only where it is clear that the merits of the controversy can be fairly and fully decided in such a summary manner. *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 94 (3d Cir. 1986). In ruling on a Rule 12(c) motion, the Court is required to view the allegations of the pleadings as true and the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980).

## IV. DISCUSSION

Because Plaintiff does not explicitly set forth which claims he intends to bring against the Commonwealth Defendants, the Court will construe Plaintiff's complaint as setting forth a Fourteenth Amendment substantive due process claim pursuant to 42 U.S.C. § 1983 in relation to Plaintiff's conditions of parole.[2]

### a. Eleventh Amendment

---

[2] The Court does not construe Plaintiff as setting forth any of the other generally referenced claims contained in his complaint against the Commonwealth Defendants and the Court will not consider these claims as adequately pleaded against the Commonwealth Defendants under Federal Rule of Civil Procedure 8.

Plaintiff names the Commonwealth Defendants in their individual and official capacities. The Commonwealth Defendants argue that to the extent that Plaintiff names them in their official capacities as Commonwealth of Pennsylvania employees, the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole are immune from suit under the Eleventh Amendment for Plaintiff's section 1983 claims. Commonwealth Defendants are correct. Section 1983 claims made against individuals in their "official capacities" are "no different" from those brought against a state itself, and the Eleventh Amendment bars such claims except where the state has waived its immunity, which the Commonwealth of Pennsylvania has not done. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); 42 Pa. Cons. Stat. § 8521(b) (Commonwealth of Pennsylvania has not consented to suit in federal court); *Laskaris v. Thornburgh*, 66 F.2d 23, 25 (3d Cir. 1981) (same); *Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979) (Congress has not abrogated the States' immunity from section 1983 claims). Accordingly, to the extent Plaintiff names the Commonwealth Defendants in their official capacities, such claims will be dismissed with prejudice, as amendment would be futile as barred by the Eleventh Amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

b. *Heck v. Humphries*

Next, Commonwealth Defendants argue that *Heck* bars Plaintiff's claims in relation to his parole and probation because a finding that his conditions of parole violated his constitutional rights would invalidate his conviction. (ECF No. 33 at 10-13); *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

*Heck* bars section 1983 actions that implicate the validity of an underlying criminal conviction or parole decision unless the conviction has been invalidated. *Heck*, 512 U.S. at 487.

*Heck* requires courts to determine

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* (footnotes omitted) (emphasis in original).

Instantly, Plaintiff complains that the conditions of his parole which were related to his underlying sex offender conviction,[3] including conditions that he reside in a half-way house, were unconstitutional and that Commonwealth Defendants are responsible for imposing and/or enforcing those conditions.  Even if Plaintiff were successful in so demonstrating, it would not invalidate his conviction or the term of his parole, as it would not result in a speedier release from custody, as Plaintiff is no longer on parole because he was arrested for another criminal charge while on parole. *See D'Amario v. Weiner*, No. CIV.A. 12-6098, 2013 WL 622110, at *6 (D.N.J. Feb. 19, 2013) (collecting cases) (finding to the contrary because the plaintiff was at that time serving a term of his supervised release). *See also Sledge v. Thaler*, No. 3:10-CV-0456-P (BH), 2010 WL 2817044, at *6 (N.D. Tex. June 28, 2010) (challenges to electronic monitoring and sex offender treatment were cognizable in a civil rights action because success on the challenges would

---

[3]     These requirements include that Plaintiff "get sex offender evaluation," "attend sex offender treatment," prohibiting Plaintiff from "view[ing] or [possess]ing obscene material," not allowing him "access to chat lines," prohibiting "use or possession of sexual enhancement drugs/substances," prohibiting Plaintiff from entering "adult stores, massage parlors, strip clubs or related establishments," prohibiting "membership to any group who's primary purpose is sexual," prohibiting "contact with minors," prohibiting co-habitation with minors, prohibiting activities and events that primarily involves minors, prohibiting "intimate relationships with any person who has full or partial custody of children," prohibiting possession of "objects that appeal to minors," prohibiting use of "social media, peer to peer, craigslist, pornographic or sexual websites," and websites with an "ind[i]cia of children," prohibiting "access to child like websites," maintaining a curfew, and prohibiting alcohol possession. Compl. (ECF No. 11) at pp. 15-17.

only relieve petitioner from compliance with conditions and "would not result in an earlier release from custody").  Plaintiff does not challenge any process to an alleged parole revocation, which would imply that his confinement was invalid; he challenges the conditions of parole themselves after he is no longer subject to those conditions of parole.  A success on Plaintiff's challenges would not invalidate Plaintiff's parole, but rather would invalidate a condition of his parole. Therefore, *Heck* does not bar Plaintiff from alleging that the conditions of his parole were unconstitutional.

Nevertheless, Plaintiff has failed to state a substantive due process claim under the Fourteenth Amendment, or any other cognizable constitutional claim related to the conditions of his parole.[4]  A parolee "does not enjoy 'the absolute liberty to which every citizen is entitled, but only [a] conditional liberty properly dependent on observance of special parole restrictions.' " *Johnson v. Mondrosch*, 586 F. App'x 871, 874 (3d Cir. 2014) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)).  "Restrictions to a particular community, job or home, as well as restrictions on travel or movement, are standard conditions of parole[.]" *Johnson*, 586 F. App'x at 874 (citing *Morrissey*, 408 U.S. at 478).  In *Johnson*, the Court of Appeals for the Third Circuit found that a parolee complaining that the conditions of his parole, including a 7:00 p.m. curfew, restricting the parolee's movements, and requiring him to get an eight–hour per day job stated no colorable constitutional claim. *Johnson*, 586 F. App'x at 873–74.

To adequately state a substantive due process claim, a plaintiff must show that he has a fundamental right that is protected from arbitrary or capricious deprivation. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998); *Nicholas v. Pennsylvania*

---

[4]    Under the Prison Litigation Reform Act (PLRA), a court is required to *sua sponte* dismiss any case that is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e).

*State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000).  Plaintiff has not adequately established that any of his parole conditions deprived him of a recognizable fundamental right.  Accordingly, Plaintiff's claims against the Commonwealth Defendants are meritless and will be dismissed with prejudice as amendment would be futile. *Grayson*, 293 F.3d at 108.

V.      **CONCLUSION**

Based on the foregoing, the Commonwealth Defendants' motion for judgment on the pleadings (ECF No. 32) is granted and Plaintiff's claims against the Commonwealth Defendants are dismissed with prejudice. An appropriate Order follows.


DATED this 7th day of September, 2022.


BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge